IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
AUG 2 4 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| LOUIS CARTER,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>　　　　　Respondent. | CV 18-36-BLG-SPW<br><br>ORDER |

Petitioner Louis Carter, appearing pro se, filed a motion to proceed in forma pauperis (Doc. 3), a petition for writ of habeas corpus (Doc. 2), and a motion to dismiss state charges (Doc. 4). Carter challenges the constitutionality of the criminal charging process utilized by the State of Montana. (Doc. 5 at 1).

Carter filed the habeas petition jointly with a group of other petitioners in what they characterized as an "En Masse Petition for Writ of Habeas Corpus." (Doc. 5 at 1). On February 22, 2018, the United States Magistrate Judge determined under the rules that the petitioners could not file a habeas petition en masse and ordered the petitioners to either file individual petitions or withdraw by March 16, 2018. (Doc. 1 at 2-7).

1

On March 28, 2018, the Magistrate recommended the Court dismiss Carter's case for failure to prosecute because Carter did not respond to the Magistrate's order. (Doc. 5 at 7).

Courts generally treat pro se habeas petitioners leniently. *Castro v. United States*, 540 U.S. 375, 377 (2003); *Woods v. Carey*, 525 F.3d 886, 889-890 (9th Cir. 2008). Carter did not timely respond to the Magistrate's order or the findings and recommendation. Nonetheless, as stated in the Magistrate's order, Carter may not file a habeas petition en masse. (Doc. 1 at 2-7). Dismissal without prejudice on that ground is appropriate. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (explaining that dismissal for technical procedural reasons should not bar prisoners from ever obtaining federal habeas review) (citing *United States ex rel. Barnes v. Gilmore*, 968 F.Supp 384, 385 (N.D. Ill. 1997) and *Marsh v. U.S. Dist. Court for Northern Dist. of California*, 1995 WL 23942 at *1 (N.D. Ca. 1995)).

A certificate of appealability is not warranted because reasonable jurists would not disagree with the procedural ruling. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-141 (2012).

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 5) are rejected.

IT IS FURTHER ORDERED that Carter's petition is dismissed without prejudice because it was improperly filed. If, at some later date, Carter properly files a new petition for habeas corpus it shall be considered his first petition.

IT IS FURTHER ORDERED that a certificate of appealability is denied. The clerk shall immediately process the appeal if Carter files a Notice of Appeal.

IT IS FURTHER ORDERED that the clerk shall close the civil file by entering a judgment of dismissal. Unless this matter is remanded by the Court of Appeals, it is closed. The Court will not entertain any request for reconsideration of the en masse petition.

DATED this 23rd day of August, 2018.

SUSAN P. WATTERS
United States District Judge